WALKER, J., concurs in result; CLARK, C.J., dissenting; HOKE, J., concurring in the dissenting opinion.
The defendant is a merchant at Mortimer, N.C. and in consequence of information received by the sheriff of Caldwell *Page 810 
County the sheriff went to Mortimer to capture a blockade distillery that he had learned was in operation near said village. Upon arrival at Mortimer, the sheriff started to find and capture the distillery that had been previously reported to him. When he had gotten some distance from defendant's store he heard a gun fire (though not at him), and he looked in the direction of the sound and saw the defendant unbreaching a shotgun, and then saw him reload the gun and fire again up in the air. This was practically all the evidence against the defendant. The sheriff further swore that he went direct to the still place and found no one there. The still was gone, but there was a fire in the furnace. The defendant was at his store when the sheriff arrived at Mortimer, and that he never saw any one at the still — never saw the defendant closer than one-quarter of a mile to the still. These statements were substantially corroborated by (754) J. C. Eller, who was the sheriff. The State rested its case and the defendant moved the court to dismiss the action as of nonsuit, which was declined.
We think the motion to dismiss was properly overruled. We think there is some evidence sufficient to go to the jury that the defendant knew of the existence of the still and fired a gun in order to give warning to the distillers. While the evidence is not very strong, we think the jury may infer from all the surroundings as to what was the purpose of the defendant in firing the gun. If his purpose was to aid and abet the distillers and to enable them to escape, the defendant would be an accessory and equally guilty with the principals.
The court instructed the jury as follows: "Gentlemen of the jury: It does not mean that the State is required to satisfy you beyond a reasonable doubt that the defendant was that morning making that particular run, but if he had been manufacturing liquor in the State of North Carolina at any time in the last few years he would be guilty."
The defendant was indicted for manufacture of liquor and operating a still near Mortimer, and the evidence is confined exclusively to the particular occasion described by the witnesses. The only evidence offered by the State was that he fired his gun to give warning on this particular occasion. There is not the slightest evidence tending to show defendant's connection with any other violation of the liquor laws, and we think his Honor was in error in charging the jury as he did.
His Honor further instructed the jury, "That if the State has satisfied you that this man was aiding and abetting, if not himself manufacturing, it would be your duty to convict." *Page 811 
In that charge his Honor evidently was inadvertent to the well-settled rule of the criminal law, that before they can convict of a crime they must be satisfied beyond a reasonable doubt.
New trial.
WALKER, J., concurs in result.